**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

CHARLES R SEALS,

    Petitioner,

        v.                                CASE NO. 1:26-CV-123-HAB-ALT

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

Petitioner Charles Seals is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California ("USP Atwater"). Representing himself, Seals filed a handwritten, unsigned writ of habeas corpus under 28 U.S.C. §2241 to challenge the BOP's calculation of his sentence time credits.

Federal law gives the BOP, not a district court, "authority to determine when to give a defendant credit against a sentence for time he has served." *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018); 18 U.S.C. § 3585. Before challenging the BOP's decision in federal court, a defendant must first exhaust his administrative remedies, including an administrative appeal, before the BOP. *See* 28 C.F.R. §§ 542.10, 542.13–.15; *United States v. Wilson*, 503 U.S. 329, 335 (1992). Only after he has exhausted those remedies may a federal prisoner seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).

Even then, however, venue for a § 2241 petition is only appropriate in the petitioner's district of confinement, against the warden of the prison. *See Al-Marri v. Rumsfeld*, 360 F.3d 707,

712 (7th Cir. 2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 951 (7th Cir. 2006) ("We [have] interpreted 28 U.S.C. § 2241, which gives district courts the power to grant writs of habeas corpus 'within their jurisdictions,' to mean that the only proper venue ... is the federal district in which the petitioner is detained."). Because Seals is incarcerated in California, his § 2241 petition was not properly filed in the Northern District of Indiana, despite his conviction and sentence being imposed here. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (explaining that whereas § 2255 motions must proceed in the jurisdiction of conviction, a § 2241 petition can be brought only in the district of incarceration). After he exhausts, Seals may file a petition under 28 U.S.C. § 2241 only against the warden of his prison in the appropriate federal district court in California. This Court, then, has no ability to address his time credit concerns.

Accordingly, the Court:

(1) DISMISSES the petition without prejudice to refiling in the appropriate federal district court in California; and

(2) DIRECTS the CLERK to mail a blank form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 to the petitioner. Petitioner should use this form to bring any future petition under §2241.

**SO ORDERED** this 1st day of April 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT